**Roy B. LLOYD, Gladys Lloyd and A. J. Henderson, Appellants,**

v.

**Michael Doud GILL, Appellee.**

**No. 25740.**

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1969.

586

---

Gus Efthimiou, Jr., Miami, Fla., for appellants.

Michael Weintraub, Miami, Fla., for appellee.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

PER CURIAM:

■ Roy B. Lloyd, Gladys Lloyd and A. J. Henderson, respondents-appellants, and the M/V BLACK SEA, were sued in admiralty by Michael Doud Gill, libelant-appellee, for damages for the loss of the houseboat NIK MIK II, because of negligence occurring while the houseboat was being towed behind the M/V BLACK SEA from Nassau, Bahamas, to Freeport, Grand Bahama Island. On conflicting evidence, the District Court, sitting without a jury, concluded that the M/V BLACK SEA had performed the towage at an excessive speed, negligent under the circumstances, which proximately caused the casualty, and awarded $40,000 damages against appellants. Appellants assert the factual findings of negligence and liability to be "clearly erroneous", so as to require reversal, and also that the trial court erred in refusing to grant their motion for new trial. Holding both contentions to be without merit, we affirm.

The evidence disclosed that the houseboat NIK MIK II was seaworthy and fit for its intended voyage of 120 miles from the rendezvous point at Coral Harbor to the destination, Freeport. The M/V BLACK SEA with the NIK MIK II in tow got under way, in calm sea, at 12:15 p. m. The houseboat was connected, with towing bridles, to the stern of the tug by a manila hawser approximately 150 feet long. The tow had to be stopped for 15 minutes to replace the fraying hawser with a nylon hawser not over 200 feet long, and it then proceeded without further incident until 1:05 p. m. when it was noticed that NIK MIK II had taken a significant list to starboard. Approximately 10 minutes later the houseboat broke into pieces and sank. There was an adequate evidentiary basis for the District Court to conclude that the towing vessel had operated at a speed of 15 to 16 mph, which was arrived at by determining 35 minutes to be the time the tow was in movement and approximately 9 miles to be the distance traveled within that time. Corroborative evidence of such speed rests in the estimate of BLACK SEA'S master, expressed at the beginning of the voyage, that it would take 8 to 9 hours to reach Freeport, and thus anticipating arrival at destination before nightfall, he did not rig the towed houseboat with any running lights, as required by the International Rules of the Road. Appellee's marine surveyor testified that ocean towage of a vessel of rigid construction like the houseboat, if done with a hawser of at least 400 feet in length, could be prudently accomplished at a speed of not more than 4 knots, and also that open sea towage of such a vessel on a hawser not more than 200 feet long at a speed in excess of 9 mph could produce stress and resulting rupture to the hull. Notwithstanding certain conflicts in the testimony, the findings of the District Court are supported by adequate, credible evidence and must be here affirmed since they are not "clearly erroneous". This is the familiar standard as acknowledged by appellants, and set forth in McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954), in relevant part:

"In reviewing a judgment of a trial court sitting without a jury in admiralty, the Court of Appeals may not set aside the judgment below unless it is clearly erroneous. No greater scope of review is exercised by the appellate tribunals in admiralty cases than they exercise under Rule 52(a) of the Federal Rules of Civil Procedure. * * * A finding is clearly erroneous when

'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed,' * * *." See Trinidad Corp. v. Indian Towing Co., Inc., 5 Cir. 1961, 293 F.2d 107.[1]

Controlled by the above announced rule is the finding of fact below that two of appellants, Gladys Lloyd and A. J. Henderson, were each liable as owners of the M/V BLACK SEA, together with its master, Roy B. Lloyd. The record contains ample evidence upon which the trial court might fix liability upon all appellants for the negligent operation of their vessel.

The denial of appellants' motion for new trial is clearly reviewable here, since the appeal is from a final judgment. 3 Barron & Holtzoff, Federal Practice and Procedure, § 1302.1, at page 347 (1958). However, upon appeal, appellants are confronted with two well settled rules that are here dispositive. First, appellants' motion for new trial "invokes the sound discretion of the District Judge, and his action is not to be reversed save for clear abuse of discretion". Traylor v. Pickering, 324 F.2d 655, 658 (5 Cir. 1963). Secondly, where the motion is grounded upon newly discovered evidence, it "may not be granted unless (a) the facts discovered are of such nature that they will probably change the result if a new trial is granted, (b) they have been discovered since the trial and could not by the exercise of due diligence have been discovered earlier, and (c) they are not merely cumulative or impeaching." Brown v. Schwartz, 164 F.2d 151, 152 (5 Cir. 1947); English v. Mattson, 214 F.2d 406, 409 (5 Cir. 1954). Abuse of discretion is not shown by the record. The so-called newly discovered evidence upon which appellants' motion for new trial was based was not shown to have been undiscovered and unavailable at time of trial or that it could not have been discovered earlier by proper diligence. Evidence of the type sought to be offered in this case, which is largely cumulative, corroborative or contradictory of other evidence adduced at the trial, does not suffice for the awarding of a new trial. Accordingly, we cannot say that the District Court committed error in refusing to grant the motion for new trial.

The judgment below is affirmed.

---

1. Rule 81 of F.R.Civ.P. was amended July 1, 1966, to make the Federal Rules of Civil Procedure applicable to admiralty cases, other than prize proceedings governed by Title 10, U.S.C. §§ 7651–7681. Hence, Rule 52(a) of F.R.Civ.P. directly controls this case.