William F. LUHRSEN, Jr.,
Plaintiff-Appellant,

v.

VANTAGE STEAMSHIP CORP.,
Defendant,

Verity Marine Corp.,
Defendant-Appellee.

No. 74–3578
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 6, 1975.

Dan C. Garner, Kenneth M. Henke, New Orleans, La., for plaintiff-appellant.

Mat M. Gray, III, New Orleans, La., for defendant-appellee.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of plaintiff-appellant Luhrsen's motion for a new trial based upon newly discovered evidence. We affirm.

Luhrsen, a seaman-electrician, was a member of the crew of the S/S HOOD, owned by defendants. As a part of his duties he was required to check the shipboard electrical equipment, including a diffuser fan in the vessel's chillbox. In doing so on one occasion his hand was seriously injured by the fan's turning blades. The jury in a bifurcated trial returned a verdict finding neither unseaworthiness of the vessel, nor negligence under the Jones Act.

Luhrsen's newly discovered evidence, upon which he based his motion for a new trial, was to the effect that before trial his counsel spoke with and relied upon the opinion of defendant's expert witness that the unit in question met the standards of the marine industry; that after the trial he accidentally met a former classmate who was a marine and electrical design consultant, who, after being informed of the facts, was of the opinion that the unit in question did not meet certain Coast Guard requirements or general maritime standards.

While we entertain considerable doubt that the Coast Guard Regulation[1] upon which Luhrsen relies is applicable to the

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. Regulation 111.05–10(c)(5) "Rotating Electrical Machinery."

unit here involved, the record of the trial proceedings convinces us, as it did the district judge, that assuming the regulations' admissibility, it would not have changed the outcome of the case. Moreover, there is a complete lack of any showing that the "newly discovered" evidence could not have been discovered by proper diligence.[2] Luhrsen's counsel conceded as much. As the district court aptly put it, the plaintiff simply found another witness to give a different opinion on a point at issue throughout the case. This is not enough. Abuse of discretion is not shown by the record. Lloyd v. Gill, 5 Cir. 1969, 406 F.2d 585.

Affirmed.

---

2. Glapion v. MS Journalist, 5 Cir. 1973, 487 F.2d 1252, and Manning v. M/V Sea Road, 5 Cir. 1965, 358 F.2d 615, relied upon by Luhrsen are inapposite. Both were non-jury cases in which the pertinent safety regulations were brought to the attention of the district court after the evidentiary hearing had been concluded but prior to the entry of findings of fact and conclusions of law.