Patricia Scott ANDERSON et al.,
Plaintiffs-Appellees,

v.

AIR WEST, INCORPORATED et al.,
Defendants-Appellants.

Nos. 75–1054, 75–1349.

United States Court of Appeals,
Ninth Circuit.

Sept. 22, 1976.

E. Judge Elderkin (argued), of Brobeck, Phleger & Harrison, San Francisco, Cal., for petitioners.

David G. Robertson (argued), of Morrison & Foerster, San Francisco, Cal., for Odom and others.

Douglas Schwab (argued), San Francisco, Cal., for A. W. Liquidation.

John C. Renshaw (argued), of Vargas, Bartlett & Dixon, Reno, Nev., for Converse and others.

Before WRIGHT and SNEED, Circuit Judges, and LUCAS,* District Judge.

EUGENE A. WRIGHT, Circuit Judge.

This is an interlocutory appeal from an order of the district court entering a default judgment and imposing sanctions against cross-defendants Howard Hughes (Hughes), Hughes Air Corp. (Hughes Air), and Summa Corp. (Summa). The order followed a failure of Howard Hughes to appear for deposition as ordered [Fed.R.Civ.P. 37]. We affirm.

The district court certified the default order for interlocutory appeal pursuant to

* Honorable Malcolm M. Lucas. United States District Judge, for the Central District of California, sitting by designation.

28 U.S.C. § 1292(b) and this court granted leave to appeal.

In 1973 plaintiff Anderson brought this shareholders' action against Hughes, Hughes Air and Summa, and the officers and directors of Air West, Inc. (Air West), alleging securities act violations, breach of common law duties and fraud in the 1970 acquisition by Hughes Air of Air West.

Early in 1972 the liquidating trustees of Air West (trustees) had filed an action in California state court, alleging that Hughes, Hughes Air and Summa had wrongfully deprived Air West and its shareholders of more than half the agreed purchase price. The trustees subsequently entered the instant litigation by cross-claiming against Hughes, Hughes Air and Summa, and naming as third-party defendants Hughes' personal attorney and the accounting firm of Haskins & Sells.

This action is essentially a contract dispute between the trustees and the Hughes interests. The trustees are the parties who have actively prosecuted the action below.

On April 24, 1974, the trustees noticed Hughes' deposition, scheduled for May 29, 1974. At the time notice was given the district court indicated that it would provide Hughes with an appropriate protective order as necessary. On May 20, 1974, Hughes moved that he be relieved from appearing for his deposition. That motion was denied on May 24, 1974, and the court ordered him to appear as scheduled.

When Hughes failed to appear on May 29, the trustees moved the court for sanctions against Hughes, Hughes Air and Summa. In response, Hughes moved for summary judgment against the trustees on the cross-complaint.

Hughes also made a statement to the court in a letter to Davis, his personal attorney:

"This is to confirm, and I hereby undertake, that if, after hearing and final determination of said motions for summary judgment, it is found that there are any genuine issues of material fact as to which I have any relevant knowledge, I will then answer appropriate questions under oath concerning the same to the extent of my knowledge. . . ."

The court denied the motion for summary judgment, and again ordered Hughes to appear on October 31, 1974. Hughes again failed to appear on that date, and a new motion was made by him to prevent all discovery. This too was denied, as was a motion for a pretrial conference with attendant stay of discovery.

On November 15, 1974, the trustees made a new motion for imposition of sanctions against Hughes, Hughes Air and Summa. All three defendants responded in opposition.

On January 15, 1975, the court imposed its order of default against all three defendants, with the proviso that the default might be purged if Hughes appeared for deposition at any time within 45 days. The court predicated the order of default upon findings that Hughes owned, directly or indirectly, all of the stock of Hughes Air and Summa; that Hughes probably had some knowledge of the 1970 acquisition; and that Hughes was guilty of "knowing, wilful and deliberate disregard of the authority of this court." Hughes did not appear within the allotted 45-day period.

The specific sanctions imposed by the district court's order were the entry of a default judgment against Summa, Hughes Air and Howard Hughes on the cross-complaints of the trustees and the directors, the dismissal with prejudice of the Summa and Hughes Air cross-claim against the trustees and the directors, and the striking with prejudice of all affirmative defenses pleaded by the three cross-defendants.

The question presented is whether the district court's order, or any portion thereof, constituted an abuse of discretion. *National Hockey League (NHL) v. Metropolitan Hockey Club, Inc.,* —— U.S. ——, ——, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). The answer is no.

■ The trustees had the right to depose Hughes. Fed.R.Civ.P. 30(a). The district

court found that Hughes probably had some knowledge of the 1970 acquisition, which finding is supported by the record. Hence the district court properly denied Hughes' motion for a protective order under Fed.R. Civ.P. 26(c). *See, e. g., Overseas Exchange Corp. v. Inwood Motors, Inc.,* 20 F.R.D. 228, 229 (S.D.N.Y.1956). Indeed, Hughes, Hughes Air and Summa do not here challenge the propriety of that denial.

■ Because Hughes has never asserted that his failure to appear for deposition was due to circumstances beyond his control, he can find no support in decisions such as *Société Internationale v. Rogers,* 357 U.S. 197, 211–13, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Here, as in *NHL, supra,* —— U.S. at ——, 96 S.Ct. 2778 (1976), the record supports the court's finding that Hughes' failure to appear was due to his bad faith and willful disregard of judicial process. *See also Pioche Mines Consolidated, Inc. v. Dolman,* 333 F.2d 257, 269 (9th Cir. 1964). The order of default was appropriate.

■ Nor did the court abuse its discretion in applying its order to the corporate defendants as well as to Hughes individually. In *Pioche Mines, supra,* 333 F.2d at 270, we recognized that a district court had the power to enter a default judgment against corporate defendants because of failures of their representatives. There, however, such a judgment was found inappropriate because the corporate defendants had never been given proper notice of or an opportunity to respond to a motion for default judgment.

Here, both Hughes Air and Summa were notified on two occasions of the possibility of default judgment. On the second occasion (November 1974), Hughes Air and Summa filed a written response to the motion for default. Where, as here, the defendant corporations were wholly owned by the individual defendant, and the corporate entities were specifically notified of the possibility that sanctions would be imposed against them, the district court acted appropriately in imposing such sanctions on the failure of Hughes to comply with its discovery orders. *See* 4A J. Moore, Federal Practice ¶ 37.05 at 37–100 n. 23 (2nd ed. 1975). *Cf. Atlantic Cape Fisheries v. Hartford Fire Ins. Co.,* 509 F.2d 577 (1st Cir. 1975); *Flaks v. Koegel,* 504 F.2d 702, 710 n. 6 (2nd Cir. 1974).

Appellants also argue that, aside from the alleged error of imposing default judgment, the district court erred by (1) striking their affirmative defenses, (2) denying without prejudice their motion for summary judgment and (3) ignoring their motion to dismiss for failure to state a claim.

■ The affirmative defenses of limitations and estoppel involve issues of fact. Hughes' refusal to appear for deposition as ordered and to assist in the determination of those factual issues constitutes a forfeiture on his part and on the part of his wholly-owned corporations of the right to contest those factual issues. *See Charron v. Meaux,* 66 F.R.D. 64 (S.D.N.Y.1975). This court has approved the practice of striking affirmative defenses raising factual issues where, as in this case, the circumstances warrant the use of such a sanction. *See Fong v. United States,* 300 F.2d 400, 402, 408–09 (9th Cir. 1962).

■ As for the denial without prejudice of defendants' summary judgment motion, that order was not certified for interlocutory appeal and therefore will not now be considered.

Defendants' failure-to-state-a-claim argument was included as one of their "affirmative defenses" below. Both parties recognize that by striking those defenses the district court did not impliedly reject defendants' argument that no claim was stated. Rather, it is not apparent that the district court ever considered the argument. If in fact no claim is stated, the default order may have to be vacated. *See Hughes Tool Co. v. Trans World Airlines, Inc.,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

■ In any case, this court will not entertain the motion to dismiss, arising as it

does for the first time on appeal. Cross-defendants will have ample opportunity to obtain a ruling on such a motion as the litigation proceeds below. *See* Fed.R.Civ.P. 12(h)(2).

The default judgment against Hughes, Summa and Hughes Air on the cross-claims of the trustees and the directors, the dismissal with prejudice of the cross-claims brought by Summa and Hughes Air against the trustees and the directors and the striking of all affirmative defenses pleaded by Hughes, Summa and Hughes Air are in all respects affirmed.