**WESTERN RESERVE OIL AND GAS COMPANY, LTD., Plaintiff,**

v.

**KEY OIL, INC., Defendant.**

**Civ. A No. 83–A105.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Jan. 13, 1986.

R.P. Duranti, Jr., Ravenswood, W.Va., Clovis D. Kuhn, Huntington, W.Va., for plaintiff.

Guy E. McGaughey, Jr. and Terry L. Mulligan, McGaughey & McGaughey, Lawrenceville, Ill., Lee F. Benford, II, Hash & Benford, Ravenswood, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before the Court is the motion of the Plaintiff for a new trial. Although the Court has delayed ruling on the motion so as to consider the Defendant's response, one has not been forthcoming. Plaintiff has assigned three grounds to support its motion: (1) that the testimony of two witnesses was false; (2) that "new evidence" has been discovered; and (3) that a witness indispensible to the prosecution of the complaint and the defense of the counterclaim was unavailable for discovery and trial. The Court turns first to the third ground assigned by the Plaintiff.

■ The Plaintiff complained at trial that the ineffectiveness of its case could be traced to the Court's denial of its pretrial motion for continuance. It now renews its argument that such denial prevented the Plaintiff from having Trevor Phillips, principal of the Plaintiff, available to prepare and present its case. The Plaintiff's argument is devoid of merit for several reasons.

The Plaintiff overlooks the fact that this Court excluded Trevor Phillips from testifying at the trial of this case because of his failure to submit to discovery. Hence, he could not have testified even if the trial had been continued to a later time. *See* Order entered October 22, 1985. Indeed, if this Court ultimately decides that a new trial is necessary, Phillips will still not be permitted to testify.

■ The sanction of excluding testimony may be a harsh one; however, in this instance it is just. By Order of this Court entered September 13, 1985, the Plaintiff was ordered to produce Trevor Phillips and Donna Taylor Spencer for deposition by September 23, 1985. Those two individuals, and the Plaintiff, chose to disobey this direct order of the Court. The record also reflects that the Plaintiff did not cooperate with the Defendant in arranging a deposition even after this Court-ordered deadline had passed. *Rule 37*, which deals with sanctions for discovery abuse, provides that "the court in which the action is pending may make such orders in regard to the failure [to obey a court order] as are just." *Rule* 37(b)(2), Federal Rules of Civil Procedure. The rule is flexible. *See* Wright & Miller, *Federal Practice and Procedure*, § 2284 (1970). A trial court has broad discretion in applying sanctions under this rule. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir.1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978). In fashioning a sanction for the contemptuous conduct by Phillips and Spencer, it must be noted that the Court rejected the Draconian step of dismissing Plaintiff's complaint and entering judgment upon the counterclaim; *Anderson v. Air West, Inc.*, 542 F.2d 1090 (9th Cir.1976); *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32 (3d Cir.1979); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir.1979); this was the sanction requested by the Defendant. Instead, the Court precluded Phillips and Taylor from testifying. Exclusion of evidence is recognized as an appropriate sanction under *Rule* 37(b). *See In Re Pine Paper Anti-Trust Litigation*, 685 F.2d 810 (3d Cir.1982), *cert. denied*, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1003 (1982); *U.S. v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365 (9th Cir.1980); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838 (9th Cir. 1976).

Exclusion of testimony is particularly appropriate where the wrong pertains to a failure to allow a deposition to take place. The purpose of a deposition is to learn the substance of the opponent's evidence. It

also allows a party to "lock in" an adverse witness's testimony and prepare to meet potential problems in advance of trial. Here, the Plaintiff willfully refused to allow a key witness to be deposed. The harm created by such obstinance can best be remedied by an exclusion of the undiscovered witness.

■ In asking for a continuance, the Plaintiff made reference to the difficulty which Mr. Phillips is apparently having with the IRS. It is unclear whether Phillips refused to attend his scheduled deposition because he did not wish to incriminate himself. In the event that he would claim such a privilege, the Court notes that at no time did Phillips ever appear before this Court or a judicial officer and invoke his right to remain silent. *U.S. v. Hankins,* 565 F.2d 1344 (5th Cir.1978) (witness must appear and have specific questions propounded upon him). The burden is upon the claimant of the privilege to provide a basis for believing that responsive answers or explanations would raise a danger of incrimination. *Hoffman v. U.S.,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); *Baker v. Limber,* 647 F.2d 912 (9th Cir. 1981). Once a party has raised the privilege, a Court must undertake to examine the implications of the questions and to determine whether silence is justified. *Hoffman,* 341 U.S. 479, 71 S.Ct. at 814; *U.S. v. Zappola,* 646 F.2d 48 (2d Cir.1981), *on remand,* 523 F.Supp. 362, *affirmed,* 677 F.2d 264 (1982), *cert. denied, Melli v. U.S.,* 459 U.S. 866, 103 S.Ct. 145, 74 L.Ed.2d 122 (1982); *U.S. v. Goodwin,* 625 F.2d 693 (5th Cir.1980); *U.S. v. Neff,* 615 F.2d 1235 (9th Cir.), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). The privilege applies only where the danger of self-incrimination is real and appreciable, not remote and speculative. *Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972). By refusing to even appear at a deposition, Phillips precluded this Court from analyzing the context in which he was raising the privilege. Moreover, the privilege against incrimination is personal in nature. *U.S. v. Nobles,* 422

U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). The Plaintiff's attorneys could not have raised the issue at trial on behalf of Phillips; Phillips should have asserted the privilege at a scheduled deposition in the first instance.

■ As mentioned, the Plaintiff refers to the "unavailability" of its key witness, Phillips. In moving for a continuance, the Plaintiff had submitted a memorandum which detailed a series of events which had transpired in California in connection with an IRS proceeding. The tone of the memorandum is one of indignation for the perceived injustices suffered by Phillips in that proceeding. The Plaintiff baldly asserted that this "trouble with the IRS" rendered Phillips unavailable. The Plaintiff at no point, however, directed the Court's attention to any proceeding connected with the California litigation which conflicted with the trial of this action or with scheduled depositions. Indeed, the manifestation of a lack of conflict can be found by the presence of Phillips' three attorneys at trial.

The record of this case does not support the Plaintiff's lament that it was unable to adequately prepare for trial. First, this action has been on the Court's docket for approximately twenty-six months. Reference to the docket sheet is replete with activities by both parties in preparation for trial. The Court, therefore, finds that the Plaintiff had ample and adequate time to prepare for this trial. Second, the Plaintiff had obviously taken steps to compensate for the absence of Phillips. Its portion of the integrated pretrial order listed forty individuals as potential trial witnesses. In facilitation thereof, the Plaintiff had filed a praecipe with the Clerk's Office requesting forty sets of subpoenas. The Court notes that several witnesses were served and appeared at the courthouse on the day of trial. After calling only four witnesses, though, the Plaintiff opted to punt and fall back to the tenuous position of asserting prejudice for failing to obtain a continuance.

It is abundantly clear to the Court that Trevor Phillips, the principal of the Plaintiff, had decided to put this matter on the back burner while he pursued matters he deemed more important. The Court is aware that Mr. Phillips is a busy man. Many people involved in complex litigation have pressing personal and business calendars. Interest in other matters, however, does not justify unilateral decisions to disobey valid Court orders or the discovery rules. By pursuing a course of obstinance, Phillips was, in part, the author of the misfortune suffered by his company in this Court. Hence, the Court rejects the third ground assigned by the Plaintiff in support of its motion for a new trial.

In the first ground assigned in support of the motion for new trial, the Plaintiff effectively charges two witnesses, Tim Huffman and Frank Pethel, with perjury. Obviously, this is a serious accusation. In *Phillips v. Crown Central Petroleum Corp.*, 556 F.2d 702 (4th Cir.1977), the Fourth Circuit addressed the question of perjury in the context of a motion for new trial. In *Phillips* one of the plaintiffs admitted that he had lied in pretrial depositions and at trial concerning one particular incident. That incident was reflected in a finding of fact by the trial judge. When the perjury was reported to the judge, he struck that particular finding but indicated that he would continue to credit the plaintiff's testimony. The Fourth Circuit reversed. It held that the trial court should have conducted a plenary hearing on the matter to find out how pervasive the perjury was. The appellate court noted that there could have been other falsifications by the plaintiff.

*Phillips* dealt with a situation where there was an admission of perjury. Still, in a case closer to the facts of this one, *Tas Int. Travel Service, Inc. v. Pan American World Airways, Inc.*, 96 F.R.D. 205 (S.D.N.Y.1982), the Court chose to follow the holding of *Phillips* by ordering an evidentiary hearing. In *Tas*, the Defendant, the loser at trial, moved for a new trial. It submitted two affidavits alleging that the principal of one of the plaintiffs testified false-

ly. The plaintiffs' witness, in a counter-affidavit, denied the charge. The court, citing *Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc.*, 301 F.2d 114 (2d Cir.1962), declared that the movant "must demonstrate its contentions by clear and convincing evidence." *Tas*, 96 F.R.D. at 206. Because the plaintiffs' witness denied the perjury accusation, the court found that this standard had not been met. Yet, the court did find that the affidavits made a threshold showing adequate to warrant an evidentiary hearing. On a matter relevant to the question at hand, the *Tas* court also noted that the due diligence requirement applicable to motions under *Rule* 60(b)(2) (dealing with motions based on newly discovered evidence) was inapplicable to motions based on alleged perjurious testimony under *Rule* 60(b)(3).

■ The Court finds the accusations here to be serious enough to warrant an evidentiary hearing. To better define the scope of the hearing and to provide notice to the Defendant and the witnesses, the Plaintiff is ORDERED to submit within fourteen days of the date this Order is entered an affidavit carefully detailing the grounds which lead it to believe that the testimony of Huffman and Pethel was knowingly false. The Plaintiff is further ORDERED to supply relevant portions of the trial transcript to the opposing party and the Court no later than seven days prior to the evidentiary hearing. The Plaintiff should make arrangements, at its expense, to obtain the transcript from the Reporter of this Court. Moreover, the Plaintiff is charged with assuring the presence of Huffman and Pethel at the hearing.

■ The evidentiary hearing made necessary by the perjury allegations shall be of a twofold nature. The Court will also take up the matter of the "newly discovered evidence." The Court admonishes the parties that the evidentiary hearing, in both phases, will not constitute a trial itself. It will be limited in scope and purpose. With regard to the claim of newly discovered evidence, the Plaintiff must show that it

failed to discover the evidence before trial although it exercised due diligence. *Contempo Metal Furniture Co. of California v. East Texas Motor Freight Lines, Inc.,* 661 F.2d 761 (9th Cir.1981); *Lloyd v. Gill,* 406 F.2d 585 (5th Cir.1969); *Royal Air Properties, Inc. v. Smith,* 333 F.2d 568 (9th Cir.1964); *Stiers v. Martin,* 277 F.2d 737 (4th Cir.1960), and was excusably ignorant. *Owens v. International Paper Company,* 528 F.2d 606 (5th Cir.1976). The newly discovered evidence must be of facts existing at the time of trial. *Contempo,* 661 F.2d 761. The evidence must also be of such nature that it is likely to lead to a different result. *Washington Mobilization Committee v. Jefferson,* 617 F.2d 848 (D.C.Cir.1980); *Lloyd,* 406 F.2d 585. And evidence which is mostly cumulative, corroborative or contradictory of other evidence adduced at the trial will not suffice for the awarding of a new trial. *Lloyd,* 406 F.2d 585.

To reemphasize, the evidentiary hearing on the new evidence claim will be directed toward the above points. It will not be an exercise concerned directly with the merits of the case. A scheduling order will soon be issued informing counsel of the hearing date. At the conclusion of the hearing, or soon thereafter, the Court will make a decision on the Plaintiff's motion for a new trial.