833 F.2d 1005
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James W. NEAL, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
 No. 87-1563.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 26, 1987.
Decided: Nov. 19, 1987.
 
 James W. Neal, appellant pro se.
 James Parker Jones, Penn, Stuart, Eskridge & Jones, Ronald Alvin Williams, Wal-Mart Stores, Inc., Legal Department, for appellee.
 Before MURNAGHAN, ERVIN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Neal has filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. (Title VII) alleging that he was not hired because of race discrimination.
 
 
 2
 Neal, a black male and 25-year veteran of the United States Army, was one of the 85 applicants who applied for jobs at a new location of Wal-Mart Stores, Inc. (Wal-Mart). Neal contends that one of the store personnel indicated that he might be able to get a job involving outdoor maintenance. Neal asserts that although he had never worked in a department store his prior military experience and his education qualified him for the position. Neal was not hired by Wal-Mart. He subsequently filed a claim with the EEOC alleging he had been discriminated against. After receiving his right to sue letter, Neal filed this action in federal court. A non-jury trial was held by the district court. At the close of Neal's case Wal-Mart moved that the action be dismissed for failure to make out a prima facie case. The district court granted Wal-Mart's motion and dismissed the action. Neal appealed.
 
 
 3
 To establish a prima facie case of racial discrimination, a Title VII plaintiff must show:
 
 
 4
 (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.
 
 
 5
 McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). This Court has noted that the fourth prong of the McDonnell Douglas test does not work well when applied to cases where the hiring or promotion is taken from a pool of applicants.
 
 
 6
 [U]nder the fourth prong, since the plaintiff cannot prove that the vacancy remained open after he was rejected, he must present some other evidence that his race was a factor considered by his employer in not granting him the promotion. There must be some evidence that race was a determining factor in the employer's decision.
 
 
 7
 Holmes v. Bevilacqua, 794 F.2d 142, 147 (4th Cir.1986). See also Autry v. North Carolina Dep't of Human Resources, 820 F.2d 1384 (4th Cir.1987).
 
 
 8
 When reviewing the findings of a trial court sitting without a jury, the question for an appellate court is not whether it would have made the findings the trial court did, but whether "on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 123 (1969) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Only when a finding of fact is "clearly erroneous" will the appellate court set it aside. Phillips v. Crown Central Petroleum Corp., 556 F.2d 702 (4th Cir.1977).
 
 
 9
 Upon consideration of appellant's informal brief, we are unable to find any basis for concluding that the district court was clearly erroneous in its findings of fact or that it erred in its application of the law to those facts. Therefore, we affirm the judgment below. We dispense with oral argument since the record and briefs filed with this Court indicate that oral argument would not significantly aid the decisional process.
 
 
 10
 AFFIRMED.