*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 06b0002n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: DAYTON TITLE AGENCY, INC., <br><br> Debtor. <br>_____ <br><br> DAYTON TITLE AGENCY, INC., <br><br> Appellant, <br><br> v. <br><br> THE WHITE FAMILY COMPANIES, INC., NELSON WENRICK, and UNION SAVINGS BANK, <br><br> Appellees. <br>_____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 05-8029 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division, at Dayton.
No. 99-35768.

Argued: November 9, 2005

Decided and Filed: January 26, 2006

Before: LATTA, SCOTT, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Anne Frayne, MYERS & FRAYNE, Dayton, Ohio, for Appellant. Paul H. Shaneyfelt, STATMAN, HARRIS & BARDACH, Dayton, Ohio, Ronald S. Pretekin, COOLIDGE, WALL, WOMSLEY & LOMBARD, Dayton, Ohio, for Appellees. **ON BRIEF:** Anne Frayne, Sue Seeberger, MYERS & FRAYNE, Dayton, Ohio, for Appellant. Paul H. Shaneyfelt, STATMAN, HARRIS & BARDACH, Dayton, Ohio, Ronald S. Pretekin, Steven M. Wachstein, COOLIDGE, WALL, WOMSLEY & LOMBARD, Dayton, Ohio, J. Michael Debbeler, GRAYDON, HEAD & RITCHEY, Cincinnati, Ohio, for Appellees.

---

## OPINION

---

JENNIE D. LATTA, Bankruptcy Appellate Panel Judge. Dayton Title Agency, Inc. (the "Debtor") appeals an order dated April 13, 2005, denying its motion for reconsideration of an order entered March 3, 2005, holding that attorney's fees could not be paid out of a certain fund until other claimants were paid. The Debtor did not appeal from the March 3, 2005, order. Its appeal is limited to the April 13, 2005, order.

## I. ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court abused its discretion in denying the Debtor's motion for reconsideration.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and neither party timely elected to have this appeal heard by the district court. A "final order" of the bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). Because the bankruptcy court's order of March 3, 2005, ended the litigation concerning the source of payment for the Debtor's attorney fees, the order of April 13, 2005, denying the Debtor's motion for reconsideration (actually a motion to alter or amend a judgment pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure) is also a final order. *See Lloyd v. Gill*, 406 F.2d 585, 587 (5th Cir. 1969).

The denial of a motion to alter or amend a judgment is reviewed only for abuse of discretion, except when the motion seeks review of an order granting summary judgment, s*ee, e.g., Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001), or when rejection of the motion is based upon an erroneous legal doctrine, *e.g., Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 518 (6th Cir. 1998).

## III. FACTS

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 18, 1999, and subsequently filed an adversary complaint against Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") under an errors and omissions insurance policy. Pursuant to an agreed settlement, Philadelphia Indemnity paid some $595,000 to the Debtor, which paid the funds over to its attorneys who were directed to maintain the funds in a separate, interest-bearing account pending further order of the court concerning disbursement of the settlement proceeds. On September 6, 2001, the bankruptcy court authorized payment of $53,419.90 to the Debtor's attorneys from the settlement proceeds as compensation for services rendered and reimbursement of expenses incurred to generate the settlement proceeds.

On December 6, 2001, the court entered an order declaring the settlement proceeds to be property of the bankruptcy estate, but further providing that they be treated as a special fund from which claims that would be covered by the underlying insurance policy outside of bankruptcy would be paid first. The court noted that treating the fund as an asset of the estate without this restriction would result in the majority of the fund being paid to administrative claimants, including attorneys. No appeal was taken from this order. Notwithstanding this order, on July 15, 2003, the court authorized payment of $32,706.95 in attorney fees from the fund based upon the representation that these fees were incurred in protecting the fund and upon there being no objection raised to the payment. On December 8, 2003, counsel for the Debtor filed another fee application in which she sought $33,033.41 to be paid from the fund. This time, an objection was raised to the payment of fees from the insurance settlement fund. The court approved the application but deferred a decision on whether the fees could be paid from the insurance settlement fund. Counsel for the Debtor filed two additional applications in which additional fees were asserted to have been incurred in protecting or administering the insurance settlement fund and payment was sought from the insurance settlement fund. Objections to each of the applications were raised by The White Family Companies, Nelson Wenrick, and Union Savings Bank, all potential beneficiaries under the insurance policies and the named appellees to this appeal, on the basis that attorney fees should not be paid from the insurance settlement fund until all claimants to that fund identified in the December 6, 2001, order had been paid.

On March 3, 2005, the bankruptcy court entered its order declaring that counsel would not be entitled to be paid from the insurance settlement fund until the insurance beneficiaries were fully paid. At that point, the balance of the fund, if any, would be treated as an unrestricted asset of the

bankruptcy estate. The court did not, however, order the disgorgement of attorney fees previously paid from the fund pursuant to the July 15, 2003, order.

The Debtor filed a motion for reconsideration on March 14, 2005, seeking to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure. The bankruptcy court denied the Debtor's motion by order entered April 13, 2005, and the Debtor timely filed a notice of appeal with respect to that order only, on April 22, 2005.

## IV. DISCUSSION

The Debtor's motion for reconsideration asserted that the bankruptcy court's refusal to permit attorney fees to be paid from the insurance settlement fund represented a manifest error of law. Essentially, the Debtor argued that the court's decision was contrary to its prior decisions permitting payment of attorney fees from that fund. In its decision denying the motion for reconsideration, the court found that the Debtor's arguments presented no new arguments not addressed at the hearing on the applications for fees or new facts that would alter the court's decision. The balance of the court's decision is devoted to a review of its prior actions leading up to the entry of the March 3, 2005, order. Specifically, the court noted that, although it had clearly found the insurance settlement fund to be property of the estate, it had exercised equitable powers provided to it by 11 U.S.C. § 105 to impose restrictions upon distributions from the fund and that these restrictions were consistent with reported decisions and commentary concerning the treatment of insurance proceeds in bankruptcy. Further, the court explained that previous awards of fees from the fund resulted from an agreed order entered prior to the December 6, 2001, order that established the fund and placed restrictions on distributions from it and from one application filed after the entry of the December 6, 2001, order that was not opposed. The court stated that although it could have ordered the disgorgement of fees paid from the fund as the result of the unopposed application, it had determined not to do so because the amount of fees paid seemed an appropriate payment for administration of the fund. The court also reviewed the cases relied upon by the Debtor in support of its argument that trustees may be paid from trust assets for services beneficial to a trust. The court noted that these cases clearly provided that, *within the discretion of the court,* fees may be awarded from trust assets. The court acknowledged that it had exercised its discretion differently than the courts cited by the Debtor, but nevertheless asserted that it had acted within its discretion.

-4-

In its appellate brief, the Debtor assigns as abuse of discretion that the bankruptcy court's holding in the March 3, 2005, order was contrary to its previous orders, the Bankruptcy Code, and Ohio common law. These are the arguments that were presented to the bankruptcy court in support of the motion for reconsideration. They are addressed to the substance of the March 3, 2005, order. The Debtor disagrees with the bankruptcy court's analysis of these issues, but the mere fact of disagreement does not give rise to an abuse of discretion.

An abuse of discretion occurs "only when the [bankruptcy] court 'relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 858 (B.A.P. 6th Cir. 1997) (quoting *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 480-81 (6th Cir. 1996)), *aff'd*, 201 F.3d 693 (6th Cir. 1999). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs. (In re M.J. Waterman & Assocs.*), 227 F.3d 604, 608 (6th Cir. 2000) (citations omitted).

The Debtor urges no erroneous finding of fact. Rather, the Debtor argues that the court used an erroneous legal standard and improperly applied the law in deciding the March 3, 2005, order and that its refusal to recognize this was an abuse of discretion. The Panel resists the attempt by the Debtor to obtain yet another substantive review of the March 3, 2005, order. That order is now final, and it is final because the Debtor did not perfect an appeal from that order. *See McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985) (stating that "if an appellant . . . chooses to designate specific determinations in his notice of appeal . . . only the specified issues may be raised on appeal"); *Pearson v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers*, 99 F. App'x 46, 51 (6th Cir. 2004) (applying *McLaurin* where notice of appeal designated order denying motion for reconsideration). Even were the Panel to find that the bankruptcy court abused its discretion in failing to alter or amend its prior order, that would have no impact upon the underlying order. Put another way, there is no substantive relief that the Panel can give the Debtor in light of the procedural posture of this appeal.

More importantly, the Panel can detect no abuse in the bankruptcy court's refusal to alter or amend its prior order. The bankruptcy court found that the Debtor had offered no new argument or evidence in connection with the motion to alter or amend. The Debtor does not contest these findings. The court applied the correct legal standard: a motion for reconsideration should be granted only to correct manifest errors of fact or law or to prevent a manifest injustice. The court

carefully considered each of the Debtor's arguments, notwithstanding its finding that these were the same arguments previously presented by the Debtor. It detected no legal error in its prior order. Finding none, it properly acted within its discretion not to alter or amend the prior order. Upon entry of the bankruptcy court order denying the motion for reconsideration, the Debtor could have filed a timely notice of appeal *from the March 3, 2005, order* and obtained substantive review of that order. *See* Fed Rule of Bankr. Proc. 8002(b). It did not and is foreclosed from doing so now.

In reviewing the April 13, 2005, order, the Panel is not called upon to decide the motion for reconsideration as if it were presented to the Panel in the first instance. It is not called upon to substitute its judgment for that of the bankruptcy court. Rather it is called upon to determine whether, in light of the bankruptcy court's findings, and applying the proper legal standard, a reasonable person could arrive at the decision reached by the bankruptcy court. The bankruptcy court found no legal error in its prior order. It determined in its discretion that counsel for the Debtor should not be compensated from the insurance settlement fund ahead of the beneficiaries of that fund. The Panel finds no abuse in this decision. The Debtor would prefer that the Panel undertake a substantive review of the March 3, 2005, order. This Panel is without jurisdiction to review the substance of that order because no notice of appeal was filed with respect to that order. Likewise, of course, the Panel is without jurisdiction to review the prior order of December 6, 2001, which established the insurance settlement fund and set forth the limits on distributions from that fund. The Panel will not speculate as to the outcome had the Debtor timely appealed either of these orders.

## CONCLUSION

For the foregoing reasons, the order denying the Debtor's motion for reconsideration is **AFFIRMED.**

-6-