**BRUNSWICK CORPORATION,
Appellant,**

v.

**Jerome DOFF, Appellee.**

**No. 79–3011.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1980.

Decided Jan. 30, 1981.

Timothy S. Harris, Los Angeles, Cal., for appellant.

Eric F. Edmunds, Jr., Los Angeles, Cal., on brief; John G. Wigmore, Los Angeles, Cal., argued, for appellee.

Before GIBSON,* SNEED and TANG, Circuit Judges.

SNEED, Circuit Judge:

Jerome Doff appeals from a contempt order entered against him for failing to answer interrogatories propounded by Brunswick. He contends that the district court abused its discretion because he answered some interrogatories to the best of his ability and, as to the others, he validly invoked his Fifth Amendment privilege not to incriminate himself. Brunswick, on the other hand, argues that Doff waived his Fifth Amendment privilege because (1) the claim was untimely raised; (2) Doff failed properly to support his claim below; and (3) Doff initially answered the interrogatories. Brunswick further contends that the district court properly rejected Doff's excuse that he could not answer further because his records had been stolen.

## I.

### Fifth Amendment Claim

We need address only the second of Brunswick's claims with respect to Doff's

---

\* Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

assertion of his Fifth Amendment privilege because, if correct as to it, the issue whether Doff has waived his privilege in one manner or another is irrelevant. We hold that Doff did fail properly to support his claim below. We do so on the basis that the privilege normally is not asserted properly by merely declaring that an answer will incriminate. It is not necessary, of course, that the person to whom the question has been put establish the precise manner in which he will incriminate himself by responding. This would make the privilege useless. As the Supreme Court said in *Hoffman v. United States*, 341 U.S. 479, 486–87, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951):

> To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.

Doff failed to meet this modest standard.

■ Interrogatories 30, 32, and 37 were directed specifically at what assets, if any, were owned by Doff. His initial answers left much to be desired in terms of specificity and made reasonable the district court's order that additional answers be provided. The invocation of the privilege by Doff with respect to providing additional answers was accompanied by nothing other than a bald assertion of the privilege. In no way does it appear that more responsive answers would incriminate Doff. That such answers might assist Brunswick in collecting the amount of its debt does not amount to incrimination within the scope of the privilege. A debtor such as Doff cannot conceal such assets as he might own merely by uttering the incantation, "I hereby invoke the Fifth Amendment to the United States Constitution and thus refuse to answer this interrogatory on the grounds that my answer may tend to incriminate me." Appendix B, Appellee's Brief 52–54. It is not evident from the setting in which the questions were asked that responsive answers or explanations would incriminate. *Cf. United States v. Neff*, 615 F.2d 1235 (9th Cir. 1980).

■ Appellant argues strongly that, whatever might be the propriety of his invocation of the privilege with respect to interrogatories 30, 32, and 37, the refusal to answer interrogatory 69 on the grounds of the privilege was proper. That interrogatory asked whether Doff had filed federal and state income tax returns for the years 1971 through 1975, the date any such returns were filed, and the amount of adjusted gross income reported thereon. On the record before us we see no way in which answers to this interrogatory would tend to incriminate. Again a distinction between the unpleasantness of possibly revealing assets to a creditor and the tendency to incriminate within the meaning of the privilege must be drawn. While the possibility of the first is evident on this record, the second is not. Even responses indicating no returns had been filed would not on this record incriminate and, incidentally, would not be inconsistent necessarily with Doff's responses to interrogatories 30, 32, and 37.

We recognize that in cases such as this the need of the court to ascertain the legitimacy of a claim of the Fifth Amendment privilege exists in a state of tension with the need of the claimant to remain silent. The latter need must always weigh heavily in the balance, but it cannot be permitted to weigh so heavily as to relieve the court of its duty to determine the legitimacy of the claim. This would be the result were we to hold that a mere Fifth Amendment privilege incantation is sufficient. *See United States v. Neff, supra* at 1240.

## II.

### *Adequacy of Doff's Answers*

■ The district court also appears not to have been impressed by the answers supplied to interrogatories 12, 15, and 22 which sought information concerning the amounts and sources of various types of income of Doff. Nor need it have been inasmuch as Doff's answers indicated that the amounts were insubstantial or "minimal" and that,

in any event, his records had been stolen from his residence. Such responses are not marked with badges of candor.

## III.

### *The Absence of Findings of Facts and Conclusions of Law*

Our review in this case has been hampered somewhat by the absence of any findings of facts or conclusions of law prepared by the trial court. Such findings and conclusions are not required by Rule 52(a), Fed.R.Civ.P., in a proceeding such as this which was commenced by a motion by Brunswick for an order of contempt, a motion not embraced by Rule 41(b), Fed.R. Civ.P. Nonetheless, to require proper findings and conclusions is within the power of this court when a lower court has entered a contempt order. *See Sanders v. Monsanto Co.*, 574 F.2d 198, 200 (5th Cir. 1978). Consideration was given to remanding for the preparation of findings and conclusions in this case. Our decision to affirm without a remand is based on the high level of contumacy on the part of Doff that this record reflects. Under less compelling circumstances a remand clearly would have been desirable.

Affirmed.

TANG, Circuit Judge, concurring in result.

I concur reluctantly, in the result. I question whether the district court gave adequate consideration to the defendant's fifth amendment claim, an issue raising serious and substantial questions of first impression. Given the defendant's contumacy, the district court's loss of patience is perfectly understandable. A statement of the bases of the district court's determination, however, would have materially facilitated review.