942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott Warnock DYER, Petitioner-Appellant,
v.
Gary D. BABCOCK, Director, Oregon Public Defender's Office,
et al., Respondents-Appellees.
 No. 90-35900.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 30, 1991.
 
 Before BROWNING, SNEED and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott Warnock Dyer, an Oregon state prisoner, appeals pro se from the district court's (1) denial of a preliminary injunction and (2) dismissal of several defendants and claims in his 42 U.S.C. § 1983 action. We affirm the denial of the preliminary injunction and dismiss for lack of jurisdiction Dyer's appeal from the district court's partial dismissal of his action.
 
 
 3
 We reverse a district court's grant or denial of a preliminary injunction only where the court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Religious Technology Center, Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989). One of two alternative legal standards must be met in order to grant a preliminary injunction:
 
 
 4
 The first test requires that a court find (1) the moving party will suffer irreparable injury if the injunctive relief is not granted; (2) there is a substantial likelihood that the moving party will succeed on the merits; (3) in balancing the equities the nonmoving party will not be harmed more than the moving party is helped; and (4) granting injunctive relief is in the public interest.... The second test requires the moving party to demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips sharply in his favor.
 
 
 5
 City of Tenakee Springs v. Block, 778 F.2d 1402, 1407 (9th Cir.1985) (citations omitted).
 
 
 6
 The only specific harm alleged by Dyer in his motion that is related to this action is that prison officials refused to photocopy a management assessment report that Dyer wanted to attach to his complaint. Dyer apparently was able to photocopy the document because it is included in his excerpts on appeal. Accordingly, he has shown no irreparable harm, and the district court did not err by denying the motion for a preliminary injunction. See id.
 
 
 7
 To the extent that Dyer appeals from the district court's order dismissing several defendants and claims, we dismiss this appeal for lack of jurisdiction. An order adjudicating the rights and liabilities of fewer than all the parties is not an appealable order unless the district court certifies the order as final pursuant to Fed.R.Civ.P. 54(b). Baker v. Limber, 647 F.2d 912, 916 (9th Cir.1981). Certification under Rule 54(b) was not sought by Dyer or granted by the district court. Accordingly, the district court's order is not a final appealable order.
 
 
 8
 AFFIRMED in part and DISMISSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4. Accordingly, Dyer's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3