**INDUSTRIAL INDEMNITY COMPANY, Plaintiff,**

v.

**Andre A. NIEBLING and Helen M. Niebling, husband and wife, Defendants.**

**No. CIV 92–1846 PHX EHC.**

United States District Court, D. Arizona.

March 8, 1994.

Floyd P. Bienstock, Kevin M. Judiscak, Steptoe & Johnson, Phoenix, AZ, for plaintiff.

Ronald A. Spears, Phoenix, AZ, for defendants.

## ORDER DENYING SUMMARY JUDGMENT

CARROLL, District Judge.

### I. *Background*

The Complaint in this matter alleges that in 1985, defendants Andre and Helen Niebling subscribed to purchase interests in the Hotel Pontchartrain Limited Partnership. Pursuant to that purchase, the Nieblings executed two promissory notes payable to the partnership in deferred capital contribution payments. The Notes were subsequently assigned to LaSalle National Bank as trustee for Credit Lyonnais. The complaint further alleges that plaintiff Industrial Indemnity and the Nieblings entered two Investor Reimbursement Agreements, pursuant to which Industrial Indemnity agreed to issue a Surety Bond to the holder of the Notes. Under paragraph 3 of the Agreements, the defendants agreed to reimburse plaintiff for any payments made by Industrial Indemnity under the Bond.

The Complaint further alleges that after defendants failed to make their deferred capital contribution payments, plaintiff made the payments pursuant to the Surety Bond. Defendants subsequently failed to reimburse Industrial Indemnity for those payments. Plaintiff's breach of contract claim seeks to recover those payments as well as interest and costs.

Defendants filed an Answer, stating that they answered the Complaint and

> ... each and every allegation contained therein by asserting their privilege against self-incrimination under the Fifth Amendment to the United States Constitution and under the Arizona Constitution.

Answer ¶¶ 1–2 (dkt. # 4). Subsequently, the plaintiff filed a Motion for Summary Judgment, arguing that because the defendants had not denied any of the allegations of the Complaint, the Court should deem the allegations to be admitted, pursuant to Fed. R.Civ.P. 8(d). Accordingly, Plaintiff argued, Defendants had raised no genuine issues of

fact and summary judgment in Plaintiff's favor was appropriate. Motion at 5 (dkt. # 5).

The defendants' assertion of the privilege in their Answer did not reveal the specific reason why the privilege was asserted. However, Defendants' response to the Motion for Summary Judgment set forth additional information. Further, Ronald Spears, Defendants' counsel in this matter, has submitted a declaration in support of the assertion of the privilege.

Mr. Spears' declaration states that Defendant Andre Niebling is a former officer and director of both American Continental Corporation (ACC) and Lincoln Savings and Loan Association (Lincoln); at one time he was Chairman of the Board of Lincoln. Mr. Spears attests that since 1990, the Federal Bureau of Investigation (FBI) has been investigating the Hotel Pontchartrain transaction for possible criminal conduct and that one or more federal grand juries in the Central District of California have been presented with evidence regarding this transaction. The declaration further states that Mr. Niebling has been sued in a number of civil actions based on his role in ACC and Lincoln. Further, the declaration states that it is believed that a Grand Jury investigation into the affairs of Lincoln and ACC is still ongoing and that Mr. Niebling has been given no assurance that he will not be indicted as a result of that investigation. Finally, the declaration states that when the grand jury investigation concludes and Mr. Niebling knows that he will not be prosecuted, he will waive assertion of the Fifth Amendment privilege.

## II. *Discussion*

Determination of the plaintiff's motion for summary judgment requires this Court to balance "the objectives of direct and informative allegations in the pleadings against the importance of honoring good-faith assertions of the privilege against self-incrimination." 5 Charles A. Wright & Arthur R. Miller *Feder-*

*al Practice and Procedure* § 1280 at 516 (1990).

Under Fed.R.Civ.P. 8(d), "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." However, a proper invocation of the Fifth Amendment privilege against self-incrimination can avoid the operation of that rule.[1] *See de Antonio v. Solomon,* 42 F.R.D. 320, 322 (D.Mass.1967); *North River Ins. Co., Inc. v. Stefanou,* 831 F.2d 484, 486 (4th Cir. 1987); *National Acceptance Co. of America v. Bathalter,* 705 F.2d 924, 926 (7th Cir.1983); *Rogers v. Webster,* 776 F.2d 607, 611 (6th Cir.1985). *See also* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1280 at 516 (1990).

These cases establish that as long as the privilege is properly raised, a court should not deem assertion of the fifth amendment privilege to be an admission of the allegations in a complaint; to do so would make assertion of constitutional rights too costly. In *Rogers v. Webster,* 776 F.2d 607 (6th Cir.1985), the Sixth Circuit reversed the district court's entry of default against a defendant in a civil contempt proceeding when the defendant failed to file an answer or a response but had invoked the privilege. *Id.* at 610. The court found that

> "when a defendant in a civil proceeding invokes properly his Fifth Amendment privilege against compulsory self-incrimination in lieu of answering the averments contained in the pleading of his adversary, the District Court should treat his claim of privilege as the equivalent of a specific denial and put the plaintiff to his proof of the matter covered by the 'denial.'"

*Id.* at 611. *See also de Antonio v. Solomon,* 42 F.R.D. 320, 322 (D.Mass.1967) (default or summary judgment would be too costly a sanction for assertion of the fifth amendment privilege when defendant failed to answer;

---

1. The Fifth Amendment provides that "No person ... shall be compelled in any criminal case to be a witness against himself ..." This privilege against self-incrimination may be invoked in civil as well as criminal proceedings. *United States v. Flores,* 729 F.2d 593, 597 (9th Cir.1983).

Further, many courts have recognized that the privilege may be invoked at the pleading stage and in discovery, as well as during trial. *See, e.g., Rogers v. Webster,* 776 F.2d 607, 611 (6th Cir.1985).

instead, court treated the assertion of the privilege as a denial of the allegations in the complaint); *National Acceptance Co. of America v. Bathalter*, 705 F.2d 924, 928 (7th Cir.1983) (reversing district court's entry of an 8.6 million dollar judgment after defendant asserted the privilege in answer to the complaint).

■ However, these cases emphasize that the privilege must be properly asserted. The defendant must provide a foundation for the assertion of the privilege so that the district court may determine whether the privilege may be invoked. *See Rogers v. Webster*, 776 F.2d 607, 611 (6th Cir.1985); *In re Morganroth*, 718 F.2d 161 (6th Cir.1983). In *Morganroth*, the Sixth Circuit noted that a district court must be able to decide if assertion of the privilege is justified and should require the defendant to answer if it clearly appears to the court that the witness is mistaken in asserting the privilege. *Id.* at 167. The district court must be able to balance the witness's or party's constitutional right to invoke the privilege against the litigant's right to information. *Id.* at 170.

A number of courts have discussed the proper procedure for invocation of the fifth amendment privilege. Clearly, the sort of blanket assertion of the privilege that the defendants have made in this case is not sufficient, because it gives this Court no basis for determining whether invocation of the privilege is appropriate. *In re Morganroth*, 718 F.2d 161, 167 (6th Cir.1983); *North River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486 (4th Cir.1987); *Baker v. Limber*, 647 F.2d 912, 916 (9th Cir.1981).

In *Morganroth*, the court explained that the party asserting the privilege must

> supply such additional statements under oath and other evidence to the District Court in response to each question propounded so as to enable the District Court to reasonably identify the nature of the criminal charge for which [the witness] fears prosecution, ... and to discern a sound basis for the witness' reasonable fear of prosecution.

718 F.2d at 167. In *North River Ins. Co. v. Stefanou*, 831 F.2d 484, 486 (4th Cir.1987), the court found that the defendant is obliged to answer those allegations that he is able to answer and to make a specific claim of privilege as to the rest. "[T]he party claiming [the privilege] must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim." *Id.* at 487.

■ In *Baker v. Limber*, the Ninth Circuit emphasized that a mere reference to pending criminal proceedings is not sufficient. The party asserting the privilege must demonstrate a "nexus" between the risk of criminal conviction and the information requested. 647 F.2d at 917. In *Baker*, although the defendant explained in a motion that he had been convicted in state court, he did not describe the subject matter of the state indictment and did not demonstrate its connection to the requested discovery. Further, the risk of conviction was not evident from the implications of the questions and the defendant supplied no basis for his belief that the answers would incriminate him. *Id.*

■ According to the guidelines set forth in these cases, Defendants' Answer in this case is an insufficient invocation of the privilege. Defendants did not answer even the jurisdictional allegations in the complaint, did not specifically direct the assertion of the privilege to the individual allegations of the complaint, and did not provide a thorough basis for the invocation of the privilege. Mr. Spears' declaration and the statement of facts in response to Plaintiff's motion for summary judgment provide more background to the matter. However, even these statements are insufficient at the present time. Defendants have not adequately identified and explained the nature of the pending criminal matters alluded to. Further the defendants have not specifically explained the connection between the answers called for by the Complaint and the danger of incrimination in those proceedings. Accordingly, the Court is not able to determine whether there is a sound basis for Defendants' fear of prosecution. Until that sort of information is supplied, the Court cannot determine whether Defendants' invocation of the privilege is proper.

Some courts, having found that the privilege has not been properly asserted, have granted a default judgment or judgment on the pleadings or have imposed sanctions against the party who has invoked the privilege. *See, e.g., United States v. Carroll,* 567 F.2d 955, 957 (10th Cir.1977) (district court's imposition of sanctions in civil contempt proceeding upheld when defendant's "refusal to answer simple and specific questions was based on a general claim of constitutional right and privilege without any statement of how the right would be denied or the effect of denial"); *Baker v. Limber,* 647 F.2d 912, 918 (9th Cir.1981) (upholding district court sanction of striking an answer and entering default against a defendant who improperly asserted the privilege); *North River Ins. Co., Inc. v. Stefanou,* 831 F.2d 484, 486 (4th Cir. 1987) (affirming district court's grant of judgment on the pleadings when defendant improperly asserted the privilege with respect to the entire complaint).

 In this instance, the defendants did not provide a proper foundation for the assertion of the privilege in their Answer. However, summary judgment against the defendants is not the appropriate remedy in this case. The declaration filed by defendants' counsel suggests that there may be a basis for asserting the privilege. Because a sufficient foundation was not supplied in the first instance and because the circumstances justifying the assertion of the privilege may have changed, the Court cannot determine at this time whether the invocation of the privilege was proper. Accordingly, the proper course is to require the defendants to file an amended Answer. If the defendants wish to continue to assert the privilege, they shall do so in accordance with the guidelines established in this Order. If, after the Answer is filed, the Court finds that the defendants have not provided a sufficient foundation for the invocation of the privilege, the Court will order the defendants to show cause why judgment should not be entered for the plaintiff.

## III. *Conclusion*

Accordingly, for the reasons previously set forth,

**IT IS ORDERED** denying without prejudice Plaintiff's motion for summary judgment (dkt. # 5).

**IT IS FURTHER ORDERED** that within 15 days of the date that this Order is filed, Defendants shall file an amended answer in accordance with the guidelines set forth in this Order.