30 F.3d 128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sultan AHMAD, Plaintiff Appellant,
v.
Paul ROWETT, District Manager; Otis Elevator Company; John
Consentino, Defendants Appellees.
Sultan AHMAD, Plaintiff Appellant,
v.
OTIS ELEVATOR COMPANY; Paul Rowett, District Manager,
Defendants Appellees,
John CONSENTINO, Defendant.
Sultan AHMAD, Plaintiff Appellant,
v.
Paul ROWETT; Otis Elevator Company; John Consentino,
Defendants Appellees.
 No. 91-2156.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 15, 1991.
Decided: August 2, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-90-1139-N, CA-90-1930-N)
 Sultan Ahmad, Appellant Pro Se.
 F. Bradford Stillman, McGuire, Woods, Battle & Boothe, Norfolk, Virginia; Gary Stephen Marshall, Cynthia Eppes Hudson, McGuire, Woods, Battle & Boothe, Richmond, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL, Circuit Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Sultan Ahmad appeals from the district court's orders denying relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Secs. 2000e through 2000e-17 (West 1981 & Supp.1994), and under 42 U.S.C. Secs. 1981 and 1983 (1988), and denying Ahmad's motion for a new trial. Our review of the record and the district court's opinions discloses that these appeals are without merit. Accordingly, we affirm on the reasoning of the district court.[1] Ahmad v. Rowett, No. CA-90-1139-N (E.D. Va. Apr. 10, May 14, & June 18, 1991). We deny Appellee's motion to dismiss the appeal in No. 91-2088 as interlocutory,[2] and deny Appellant's several motions filed on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 [1]
 Appellant may not claim the benefit of the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071 (1991), because that Act took effect after his complaint and amended complaints were filed, and the Supreme Court recently held that the Act does not apply retroactively. Rivers v. Roadway Express, Inc., 62 U.S.L.W. 4271 (U.S.1994); Landgraf v. USI Film Prods., 62 U.S.L.W. 4255 (U.S.1994)
 
 
 [2]
 Although the notice of appeal in No. 91-2088 was interlocutory when filed, the district court's subsequent entry of final judgment operates to retroactively validate that notice of appeal and confer jurisdiction. Baker v. Limber, 647 F.2d 912, 916 (9th Cir.1981)