37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Paula L. BRADFORD, Plaintiff-Appellant,
v.
WASHOE COUNTY, SCHOOL DISTRICT, et al; Robert Michell,
Defendants-Appellees.
 No. 92-16376.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1994.
Withdrawn from Submission July 5, 1994.
Resubmitted Sept. 2, 1994.
Decided Sept. 21, 1994.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pro se plaintiff Paula Bradford appeals the district court's grant of summary judgment to defendants Washoe County School District (WCSD), Robert Michell, Thomas Marshall, and David Smith in this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2.[1] The district court also dismissed Bradford's pendent state law claims when it entered judgment on her Title VII claim. We reverse the summary judgment in favor of defendant WCSD and affirm the summary judgment in favor of all of the individual defendants.
 
 I.
 
 3
 Bradford alleges that she was subjected to a work environment hostile to blacks during the time she worked in WCSD's risk management department.[2] She alleges that: (1) she repeatedly was subjected to racially offensive jokes and demeaning comments made in her presence; (2) she was oversupervised; and (3) a coworker attempted to frighten her on several occasions by making obliquely threatening references to racial events in the news.
 
 
 4
 On the basis of these and other conditions of her employment Bradford filed an internal liability claim against WCSD in June 1989. She also filed charges of discrimination with the Nevada Equal Rights Commission and the EEOC. After receiving her "right to sue" letter, Bradford filed this lawsuit in August 1990.
 
 I.
 
 5
 Summary judgment is appropriate only where, with the evidence viewed in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Summary judgment in favor of WCSD was inappropriate in this case because Bradford established that genuine issues of fact exist as to whether (1) Bradford was subjected to a work environment hostile to blacks; and (2) Bradford was constructively terminated in violation of 42 U.S.C. Sec. 2000e-3 for pursuing this action.
 
 
 6
 Bradford provided the district court with a "statement" dated May 24, 1989 and signed by her coworker Kelley Adams.[3] This statement is sufficient to raise a genuine issue of material fact whether Bradford was subjected to a work environment hostile to blacks in violation of Title VII. In the statement, Adams attests that over a period of several months "Ms. Bradford was subjected to jokes of a racial nature, told by Mrs. Dickson to me [Adams], to Ms. Bradford directly, and to Anne Huber." Adams also reported observing that on several occasions Bradford appeared upset after encounters with Anne Huber. This evidence is sufficient to raise a genuine issue of fact concerning Bradford's claim of a racially hostile work environment.
 
 
 7
 Bradford also has asserted a claim of retaliatory discharge. In her complaint, under the heading "First Claim for Relief," Bradford alleges not only that WCSD intentionally discriminated against her on the grounds of race, but that WCSD had attempted to terminate her employment in violation of her rights under Title VII. Subsequently, Bradford informed the court by way of a motion for appointment of counsel in March of 1991 that she had been constructively terminated on March 7, 1992 in a "desperate attempt to thwart her ability to remain current and continue this action."[4]
 
 
 8
 Title VII provides that it is unlawful for an employer to discriminate against any employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. Sec. 2000e-3(a). The fact that the management personnel engaging in an adverse employment decision are aware that the employee adversely affected has made allegations of employment discrimination is sufficient to support an inference of retaliatory motive. Miller v. Fairchild Indus., 885 F.2d 498, 505 (9th Cir.1989), cert. denied 494 U.S. 1056 (1990).
 
 
 9
 Additional support for Bradford's claim is found in an affidavit, subscribed and sworn to by Kelley Adams, that Bradford attached as an exhibit to the motion for protective order that she filed on April 29, 1991. In this affidavit Adams asserts that in her prior deposition she "was not fully forthcoming because I feared termination from my job." She asked the court for "protection and for assurances that I will not be terminated for telling the truth." She states that she allowed herself to be manipulated in her deposition because "Paula Bradford had been terminated from the WCSD because of statements she made in deposition." She reiterated that "I know what happens to people in the District who speak up ... they don't work for the District any more."
 
 
 10
 The circumstance of Bradford being transferred during her maintenance of this action, and the Adams affidavit reciting intimidation stemming from involvement in these proceedings, suffice to raise genuine issues of material fact on Bradford's charge of retaliatory discharge.
 
 
 11
 Because Bradford has presented genuine issues of material fact regarding her claims of hostile work environment and retaliation, we reverse the summary judgment in favor of WCSD. In light of the fact that the district court's dismissal of the pendent state law claims against WCSD resulted from its summary judgment in favor of WCSD, we reverse the dismissal of those claims against WCSD as well.
 
 II.
 
 12
 We affirm, however, the district court's summary judgment in favor of the individual defendants on the authority of Miller v. Maxwell's Int'l Inc., 991 F.2d 583 (9th Cir.1993). In that case we held that Title VII does not create a cause of action against employees in their individual capacities. Id. at 587-88. Because there was no viable Title VII claim against the individual defendants, we also affirm the district courts dismissal of the pendent state law claims against those defendants.
 
 
 13
 Accordingly, the summary judgment in favor of the individual defendants is AFFIRMED; the dismissal of the pendent state law claims against the individual defendants is AFFIRMED; the summary judgment in favor of WCSD is REVERSED; the dismissal of the pendent state law claims against WCSD is REVERSED; and the case is REMANDED to the district court.[5] Appellant Bradford is entitled to recover her costs from WCSD only.
 
 
 14
 AFFIRMED IN PART; REVERSED IN PART; REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We earlier remanded this case for a limited period to the district court because it was not clear whether final judgment had been entered with regard to individual defendants Marshall and Smith. The district court then entered judgments in favor of those defendants, and it is thus clear that we have jurisdiction over this appeal. See Fed.R.Civ.P. 54(b); Baker v. Limber, 647 F.2d 912, 916 (9th Cir.1981) (when appeal is taken from order that fails to dispose of all claims against all parties, subsequent entry of final judgment with respect to remaining parties cures jurisdictional defect of appeal)
 
 
 [2]
 Prior to her transfer to risk management Bradford had worked in WCSD's purchasing department under the supervision of Michell. During that time, Bradford uncovered discrepancies in the purchasing department's calculation of employees' non-wage benefits. She also questioned the propriety of other activities occurring in the operation of the purchasing department. Bradford views the treatment she received in the risk management department as retaliation for her activities in purchasing. Although retaliation for those activities itself does not fall within the purview of Title VII, cf. 42 U.S.C. Sec. 2000e-3(a) (proscribing retaliation against an employee for opposing practices violative of Title VII), the fact that Bradford alleges the retaliation took the form of a workplace hostile to blacks brings her claim within the scope of Title VII. See Sischo-Nownejad v. Merced Community College District, 934 F.2d 1104, 1109 (9th Cir.1991) (hostile work environment violates 42 U.S.C. Sec. 2000e-2(a)(1)
 
 
 [3]
 Apparently, this statement originally was presented as a document in support of Bradford's internal liability claim. It does not appear that the statement was provided in opposition to defendant's motion for summary judgment. Nevertheless, the statement was referred to in Adam's deposition, portions of which were attached as a document in support of WCSD's motion for summary judgment. In those portions of her deposition, Adams recounts the portion of her statement in which she described the racial joke-telling in the Risk Management Department. Adams's statement also was referred to in Exhibit "Y" of Bradford's opposition to the defendants' motions for summary judgment
 
 
 [4]
 It is not fatal to Bradford's claim that these allegations appear in a motion for appointment of counsel; "inartful pleading" by pro se litigants is to be liberally construed. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987). Upon remand, the district court is free to require Bradford to amend her complaint to incorporate these allegations explicitly
 
 
 [5]
 Because we remand, we do not address Bradford's contentions regarding the interlocutory orders of the district court denying her motion for appointment of counsel and denying her motion for protective order