**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: TRUMAN W. THOMPSON, | No. 14-55512 |
| Debtor, | D.C. No. 3:13-cv-00994-BEN-NLS |
| TRUMAN W. THOMPSON, | |
| Debtor - Appellant, | MEMORANDUM* |
| v. | |
| C&W DIVING SERVICES, INC., | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted March 9, 2016
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

C&W Diving Services, Inc. commenced an adversarial proceeding in the chapter 7 bankruptcy of its former employee, Truman Thompson. On C&W's motion, the bankruptcy court issued sanctions against Thompson, striking his answer and directing the clerk to enter default. Thompson appealed the bankruptcy court's sanctions order to the district court, which affirmed. He then appealed to this court. "Although neither party raised the issue of whether we have jurisdiction over this appeal, we must address the question *sua sponte*." *Hostler v. Groves*, 912 F.2d 1158, 1160 (9th Cir. 1990). We dismiss Thompson's appeal for lack of appellate jurisdiction. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978).

Because an order awarding sanctions and entering default is not final until judgment is entered, an appeal generally must be dismissed as premature when it is taken after an order awarding sanctions and entering default but before the determination of damages and entry of judgment. *Baker v. Limber*, 647 F.2d 912, 915–16 (9th Cir. 1981). At oral argument, Thompson conceded that his appeal from the district court was premature. Indeed, Thompson appealed from the bankruptcy court order "granting Terminating Sanctions and an Entry of Default" on Aril 24, 2013, one day after the bankruptcy court granted sanctions, but over 16 months before the bankruptcy court entered judgment on September 11, 2014.

Similarly, he appealed the district court's adverse decision to this court on March 28, 2014, still over five months before the bankruptcy court entered judgment.

Nonetheless, at oral argument Thompson's counsel asserted that we have jurisdiction to review the sanctions order pursuant to *Baker*, *Anderson v. Allstate Ins. Co.*, 630 F.2d 677 (9th Cir. 1980), and *United States v. Real Prop. Located at 475 Martin Lane*, 545 F.3d 1134 (9th Cir. 2008). In *Baker* and *475 Martin Lane*, however, we had jurisdiction over the interlocutory orders in those cases because they merged into final judgments from which the appellants timely appealed. *Baker*, 647 F.2d at 916; *475 Martin Lane*, 545 F.3d at 1140–41. In *Anderson*, we held that "judgments whose finality normally would depend on a Rule 54(b) certificate may be treated as final if remaining claims subsequently have been finalized, even by developments occurring after appeal." *Baker*, 647 F.2d at 916 (citing *Anderson*, 630 F.2d at 680–81). Thompson never appealed from the final judgment, however, and the bankruptcy court's sanctions order was not the type of partial judgment "whose finality normally would depend on a Rule 54(b) certificate." *Id.* None of the three cases avails him.

Thompson's counsel also directed the court to Federal Rule of Appellate Procedure 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date

-3-

of and after the entry."). But we have held that Rule 4(a)(2) allows us to treat a premature appeal as timely filed only "when '[a]ll that remained was the clerk's ministerial task of entering a Rule 58 judgment.'" *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1483 (9th Cir. 1996) (quoting *In re Jack Raley Constr., Inc.*, 17 F.3d 291, 294 (9th Cir. 1994)). Here the bankruptcy court's sanctions order expressly called for C&W to "file and serve documents, including admissible evidence, in support of its default prove-up," thus reserving a determination of liability and damages. The remaining tasks were unlike the "ministerial task" of entering judgment, *Kennedy*, 90 F.3d at 1483, so Rule 4(a)(2) does not permit us to treat Thompson's appeal as timely.

**DISMISSED**.