NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMA DELGADO MOLINA, in her individual capacity, | No.  22-15176 |
| Plaintiff-Appellee, | D.C. No. 4:20-cv-00446-JR |
| v. | MEMORANDUM* |
| DEMPSEY'S ADULT CARE HOMES, LLC, an Arizona limited liability company; RUTH DEMPSEY WOODS, a proprietor and statutory agent, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
Jacqueline Rateau, Magistrate Judge, Presiding

Submitted April 19, 2023**
Phoenix, Arizona

Before:  TALLMAN, OWENS, and BADE, Circuit Judges.

Dempsey's Adult Care Homes, LLC, and its owner, Ruth Dempsey Woods

(collectively, "Appellants"), appeal from the district court's entry of default

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment in favor of Norma Delgado Molina ("Delgado") and denial of their motion to set aside the entry of default. We affirm.

1.  We have jurisdiction under 28 U.S.C. § 1291. Entry of default judgment is a final decision for purposes of § 1291, *see Baker v. Limber*, 647 F.2d 912, 916 (9th Cir. 1981), and "an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final," *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988). Therefore, we have jurisdiction notwithstanding the district court's award of attorney's fees "in an amount to be determined."

Further, we decline Appellants' invitation to "enter a ruling" declaring that Delgado is "precluded on remand from seeking an award of attorney's fees." We leave it to the district court to address the issue of fees in the first instance. *See CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1145–46 (9th Cir. 2022) ("In general, an appellate court does not decide issues that the trial court did not decide." (quoting *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1110 (9th Cir. 2020)).

2.  The district court did not abuse its discretion in denying Appellants' motion to set aside the entry of default. *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). A district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

2

Good cause does not exist, however, when the party seeking to set aside the default "engaged in culpable conduct" or failed to "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1091, 1094 (citation omitted).

Appellants' unexplained failure to respond to the complaint, despite having notice of the action, amounts to culpable conduct. *See id.* at 1092–93 (stating that a "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer" and that "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality" (citations omitted)). As the district court recognized, Appellants' calendaring excuse does not explain their failure to meet the initial deadline of March 15 or the March 19 deadline based on the extension that Delgado's counsel offered.

Additionally, Appellants failed to establish a meritorious defense when they summarily argued that Delgado was an independent contractor without factual support. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001) (noting that a "mere general denial without facts to support it" is insufficient to vacate a default (citation omitted)), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001); *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (explaining

3

that "conclusory statements that a dispute existed" are not enough to justify vacating a default).

3. The district court did not err in holding Woods liable as an "employer" under the Arizona Earned Paid Sick Time Act. *See* Ariz. Rev. Stat. Ann. § 23-364(G). The Act provides that an "employer" includes a "limited liability company" and an "individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 23-371(G). Therefore, the statutory definition of employer encompasses both Dempsey's Adult Care Homes (a limited liability company) and Woods (an individual acting in the interest of Dempsey's).

4. The district court did not abuse its discretion by entering default judgment without holding a hearing. A district court "may" conduct a hearing "when, to enter or effectuate judgment, it needs to" conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Delgado's retaliation claim fit squarely within the Earned Paid Sick Time Act's prohibitions, and her calculation of damages, which the district court adopted, used the daily minimum penalty established by the Act. *See* Ariz. Rev. Stat. Ann. § 23-364(B) (establishing a presumption of retaliation when an "adverse action" is taken against a person "within ninety days of a person's" assertion of a

4

claim or right under the statute); *id.* § 23-364(A) (defining "retaliation" as including a "reduction of hours"); *id.* § 23-364(G) (requiring any employer who retaliates to pay "not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final"). The district court had adequate information from Delgado's complaint, declaration, and briefing to determine that retaliation occurred and to calculate damages without a hearing.

**AFFIRMED.**